IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BROTHERHOOD MUTUAL : CIVIL ACTION
INSURANCE COMPANY, a/s/o :
Vietnamese Alliance Church (C&MA) :
:
v. :
:
DANELLA COMPANIES, INC., d/b/a :
DANELLA CONSTRUCTION CORP., et al. : NO. 15-1906

MEMORANDUM

Dalzell, J.                                                                                          June 8, 2016

**I.**     **Introduction**

We consider here defendants Philadelphia Gas Works ("PGW") and Philadelphia Facilities Management Corporation's ("PFMC")[1] motion to dismiss plaintiff Brotherhood Mutual Insurance Company's ("Brotherhood Mutual") third amended complaint and co-defendant Danella Companies, Inc.'s ("Danella") cross-claim. Brotherhood Mutual brings its claim as the subrogee of the Vietnamese Alliance Church ("Alliance Church") for losses the Church incurred as the result of flooding. PGW and PFMC argue that the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. C.S. § 8541 et seq. (the "PSTCA" or "Act"), precludes Brotherhood Mutual's subrogation claim against them. Brotherhood Mutual opposes the motion to dismiss, but Danella has not filed a timely response.

For the reasons explained below, we will grant PGW and PFMC's motion to dismiss.

---

[1] We note that while PFMC has been designated on the docket and referred to by all parties as the Philadelphia Facilities Management Company, it is properly known as the Philadelphia Facilities Management Corporation.

## II. Standard of Review

A defendant moving to dismiss under Fed. R. Civ. P. 12(b)(6) bears the burden of proving that the plaintiff has failed to state a claim for relief. See Fed. R. Civ. P. 12(b)(6); see also, e.g., Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). To survive a Rule 12(b)(6) motion, the complaint must contain sufficient factual matter, accepted as true, to state a facially plausible claim to relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

As the Supreme Court stresses, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action…do not suffice." Id. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

In the wake of Twombly and Iqbal, our Court of Appeals laid out a two-part test to apply when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6):

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations and quotations omitted). In deciding a motion to dismiss, we may consider "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record," and any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss

if the plaintiff's claims are based on the document." Pension Benefits Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

We recite the facts as they appear in the third amended complaint.

## III. Factual Background

In April of 2014, PGW advised Alliance Church that its building at 931 East Lycoming Street in Philadelphia, Pennsylvania (the "Property") needed new gas meters and service lines. Third Am. Compl. ¶ 13. PGW contracted with Danella to install the new meters and lines. Id. at ¶ 14. On April 28, 2014, Danella dug two trenches that extended from the Property to the adjoining street. Id. at ¶ 17. Danella left an excavation pit that blocked drain lines near the Property. Id. at ¶ 19. PGW, or a contractor hired by either PGW or PFMC, performed additional work at the Property under PFMC's direction. Id.

On April 30, 2014, allegedly as a result of the blocked drain lines, the Property flooded with four to six inches of water during a rain storm. Id. at ¶ 21. PFMC, PGW, and Danella were notified of the issue and visited the Property, where they pulled an orange cone from the sewage pipe leading thereto. Id. at ¶ 22. As a result of the flooding, Alliance Church sustained damages to its real and personal property, including the building itself, in excess of $120,000.00. Id. at ¶ 23. Alliance Church submitted a claim to its insurer Brotherhood Mutual, and Brotherhood Mutual paid the claim. Id. Brotherhood Mutual is now subrogated to Alliance Church's rights, claims, and causes to the extent of the payments made to its insured. Id.

Brotherhood Mutual brings a cause of action for negligence against Danella, PGW, PFMC, and two other defendants, alleging that the orange safety cones one or more of them negligently left in the excavation pit at the Property blocked the drain lines and caused the flooding. Id. at ¶¶ 26-28.

## IV. Discussion

The PSTCA provides municipalities with general immunity from tort liability "on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa. C.S. § 8541. The Act provides a limited waiver of this general immunity if (1) the damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person without such governmental immunity, and (2) the injury was caused by the negligent acts of the local agency or its employee acting within the scope of his duties with respect to eight enumerated types of acts. 42 Pa. C.S. § 8542(a). Those eight acts include, broadly, conduct pertaining to (1) vehicle liability, (2) care, custody, or control of personal property, (3) real property, (4) trees, traffic controls, and street lighting, (5) utility service facilities, (6) streets, (7) sidewalks, and (8) care, custody, or control of animals. 42 Pa. C.S. § 8542(b). The Act also limits damages with respect to recoverable amounts and cognizable losses. See 42 Pa. C.S. § 8553(a)-(c). Further, Section 8553(d) limits recoverable damages in cases where a claimant received insurance benefits:

> If a claimant receives or is entitled to receive benefits under a policy of insurance other than a life insurance policy as a result of losses for which damages are recoverable under subsection (c), the amount of such benefits shall be deducted from the amount of damages which would otherwise be recoverable by such claimant.

42 Pa. C.S. § 8553(d).

PGW and PFMC argue that this subsection bars any subrogation claim against them for monies an insurer paid to its insured claimant for damages. PGW & PFMC Mot. to Dismiss ("MTD") at 4-5. Brotherhood Mutual responds that PGW and PFMC may be liable for damages in excess of the monies paid to Alliance Church and that these two defendants' motion is premature because the two recently-added defendants have not yet responded. Brotherhood

Mutual Resp. at unnumbered pp. 3-4. Danella has not responded to PGW and PFMC's motion to dismiss its cross-claim.

Although the traditional collateral source rule does not preclude a claimant from recovering damages for his injuries regardless of the compensation he receives from an independent or collateral source such as insurance, Section 8553(d) alters this rule by authorizing a set-off of insurance benefits for local entities and their employees protected by governmental immunity. Kriner v. Barbour, 602 A.2d 450, 451 (Pa. Commw. Ct. 1992). Because of this set-off provision, an insurance company as subrogee cannot recover the money it paid to its insured because the insured himself cannot recover money for those covered losses. Id. at 452. Similarly, contribution actions cannot be maintained against a covered local entity because Section 8553(d)'s set-off provision discharges that liability for any share of the injured party's award. Id.

Michel v. City of Bethlehem, 478 A.2d 164 (Pa. Commw. Ct. 1984), illustrates the operation of Section 8553(d). In Michel, a water pipe owned and maintained by the City of Bethlehem ruptured, causing damage to a house owned by the Michels and insured by State Farm Insurance Company. Michel, 478 A.2d at 164. State Farm paid the Michels under their insurance policy, but the insurance payout was several thousand dollars less than the Michels' total loss. Id. The Michels sued the City for the amount of their total loss, and State Farm also sued the City to recover the money it paid to the Michels. Id. The trial court entered partial summary judgment against the Michels, effectively reducing their claim to the amount of their loss not already covered by State Farm. Id. The trial court entered summary judgment against State Farm, holding that its suit was barred by Section 8553(d). Id.

On appeal, the Commonwealth Court upheld summary judgment against State Farm for three reasons. Id. at 166. First, the PSTCA provides political subdivisions with immunity from

suit except where injuries resulted from eight specifically described exceptions, but the Act makes no exception for suits brought by insurance carriers as subrogees of persons injured under circumstances falling within those eight causes. Id. State Farm's claim as subrogee was therefore barred. Id. Second, the equitable doctrine of subrogation places the subrogee in the same position as the one to whose rights it is subrogated. Id. Since the Michels, being insured, had no claim against the City for the damages already covered under their insurance policy, there was no claim to which State Farm could be subrogated. Id. Third, since the Michels could not recover the damages covered by their insurance policy from the City, allowing State Farm as the Michels' subrogee to recover those same damages would accomplish indirectly what the PSTCA forbade the Michels to do directly, thereby violating equitable principles and public policy. Id.

The facts of this case are sufficiently cognate to those in Michel to dictate the same result. Alliance Church's Property was damaged by flooding allegedly caused by work performed, directed, or supervised by PGW and PFMC. PGW and PFMC are entities covered by the PSTCA. Brotherhood Mutual paid Alliance Church under the terms of its insurance policy, and now Brotherhood Mutual, as subrogee, seeks to recover from PGW and PFMC the money it paid to Alliance Church. Section 8553(d) of the Act bars Brotherhood Mutual's claim because Alliance Church itself cannot not recover its already-compensated losses from PGW and PFMC, and Brotherhood Mutual cannot accomplish in subrogation what Alliance Church could not accomplish directly.

Brotherhood Mutual argues that, nonetheless, its action should be allowed to proceed because Alliance Church's total damages may exceed the amount Brotherhood Mutual paid to it. Brotherhood Mutual Resp. at unnumbered pp. 3-4. Such an argument was rejected by the Court of Common Pleas of Erie County in Wunsch v. City of Erie, 25 Pa. D. & C. 742, 1983 WL 528

(Pa. Comm. Pl. Mar. 28, 1983). In Wunsch, the insurer argued that, by virtue of its subrogation relationship with its insured, it enjoyed the same right as its insured under Section 8553(d) to recover any losses for which the insured had not been reimbursed under its insurance policy. Id. at 745. The court rejected that argument, explaining that subrogation rights are derivative, and the insurer acquired through subrogation only the right to enforce the insured's claim against the City, not the broader right to do what the insured could do for himself. Id. Since the insurer had no greater rights than its insured, the insurer's ability to prosecute its subrogation claim against the City was subject to the same restrictions as those the insured would face, including those found in Section 8553(d). Id. at 745-46. Since the insured could not recover for the loss for which he had received an insurance payout, neither could the insurer, standing in its insured's stead, recover that amount. Id.

Brotherhood Mutual as subrogee cannot recover against PGW and PFMC for its insured's compensated losses, nor does it have any legal right as subrogee to seek compensation for its insured's uncompensated losses. Brotherhood Mutual argues that it is too early to dismiss its claims against PGW and PFMC because there has been no discovery as to Alliance Church's actual losses, but that fact has no effect upon Brotherhood Mutual's ability to recover as subrogee. We will therefore grant PGW and PFMC's motion to dismiss Brotherhood Mutual's third amended complaint against them.

We also consider PGW and PFMC's motion to dismiss Danella's cross-claim. MTD at 6; see also Danella Ans. to Second Am. Compl. at ¶¶ 30-31 (seeking contribution and/or indemnity). PGW and PFMC argue that Section 8553(d) also bars Danella's cross-claim because, under the jurisprudence of Kriner, if insurance is available to pay a claim, the amount of the claim covered by the insurance cannot then be recovered from a local agency either directly or

indirectly, and asserting a right of contribution in a cross-claim is such an indirect claim. MTD at 6-7. Without considering whether PGW and PFMC's rather broad argument bears out in all cases, we agree in accordance with Kriner that Danella cannot assert a cross-claim for contribution from PGW and PFMC for amounts already covered by an insurance payout. Further, as Danella has not timely responded to PGW and PFMC's motion to dismiss their cross-claim, we will grant that portion of the moving defendants' motion as unopposed. See Loc. R. Civ. P. 7.1(c).

## V. Conclusion

Brotherhood Mutual's subrogation claim against PGW and PFMC is barred by Section 8553(d) of the PSTCA. Danella's cross-claim against PGW and PFMC is also barred, and we will grant PGW and PFMC's motion to dismiss Danella's cross-claim as unopposed in accordance with our Local Rules. An appropriate Order follows.